United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Eugenia Blanco, Plaintiff, ) | |
| ) | |
| v.                                                    ) | Civil Action No. 21-24023-Civ-Scola |
| ) | |
| Anand Adrian Samuel and Lindsey   ) | |
| Adams Finch, Defendants.            ) | |

### Order Regarding Motion to Seal Portions of Depositions

Defendants Anand Adrian Samuel and Lindsey Adams Finch ask the Court to seal portions of five depositions in this case, submitted in conjunction with the briefing of Plaintiff Maria Eugenia Blanco's motion for summary judgment. (Defs.' Mot., ECF No. 66.) Blanco opposes the motion, for a variety of reasons, including that the motion is untimely; the Defendants are the ones who introduced the material the Defendants seek to seal; Blanco already refiled copies of the depositions with the names of the minors redacted; and the allegations that the Defendants seek to redact are "concocted," based on hearsay, collateral to the central issue in this case, and probative as to Samuel's credibility. (Pl.'s Resp., ECF No. 71.) The Defendants have also replied to Blanco's response. (Defs.' Reply, ECF No. 74.) For the reasons that follow, the Court **grants in part and denies in part** the Defendants' motion to seal (**ECF No. 66**).

As a starting point, "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right of access, however, is not absolute, and courts have discretion, based on competing concerns of confidentiality and privacy, in determining whether non-disclosure may be appropriate, depending on the circumstances. *Id.* None of Blanco's arguments, in opposing the motion, addresses these concerns.

After review, the Court finds that the privacy rights of the minors, tangentially involved in this case, outweigh the presumption of access with respect to several (but by no means all) of the deposition passages identified by the Defendants. Many of the passages identified are innocuous or have little or nothing to do with the types of privacy rights courts typically find troubling when it comes to minors or the concerning topics identified by the Defendants. Accordingly, the Court directs the parties to **jointly** refile the depositions identified below, with the indicated passages redacted (in addition to what was redacted from the depositions Blanco filed at docket entry 66):

| **Deposition** | **Passages to Be Redacted** |
|---|---|
| Samuel | - 96:7 (starting with "I went") through 98:9 (through the word "but");<br>- 98:18 through 99:6;<br>- 99:16 through 17;<br>- 99:25 through 100:3;<br>- 102:6 (starting just after "this year") through 103:6;<br>- 104:15 through 104:19;<br>- 105:13 (starting with "listen") through 17 (ending with "complaints.");<br>- 106:7 through 12;<br>- 106:16 through 109:17;<br>- 114:6 through 24;<br>- 116:7 through 118:24;<br>- 140:3 through 140:9 (ending with "home");<br>- 180:3 through 180:7 (ending with "about that");<br>- 180:17 through 21;<br>- 180:25 through 181:25. |
| Finch | Not applicable: none of the concerning topics are addressed in this deposition. |
| Blanco | 62:21 through 63:20. |
| Grace Trask | 6:5 through 8;<br>6:11 through 14;<br>108:10 through 15;<br>109:20 through 23;<br>110:1 through 113:25. |
| Adriana Gomez | 70:11 through 18;<br>70:25 through 71:2 (ending just before "and then");<br>71:6 through 8;<br>72:11 through 73:1. |

Once the redacted depositions have been refiled, the parties must file a joint notice that includes a chart, indicating where on the docket the depositions cited to in the summary-judgment briefing can be found.

      In ordering the redaction of the passages above, the Court errs on the side of protecting the minors' privacy with respect to the allegations about which the Defendants purport to be concerned: through no fault of their own, the minors have been dragged into these proceedings and it appears many of the identified passages will have little bearing on the ultimate outcome of this litigation. That said, the Court's redaction of these passages in no way prevents the content of those passages' being raised at a later date, albeit in a way that continues to protect the minors' privacy.

      In the meantime, the Court notes the Defendants (1) ask the Court to seal docket entries that have already been sealed and (2) have filed, once again, on the public docket, the very passages they seek to have redacted. Rather than comb through the record itself, the Court directs the parties to jointly identify, based on the findings above, which docket entries should now be sealed.

      **Done and ordered**, in Miami, Florida, on August 22, 2022.

_____
Robert N. Scola, Jr.
United States District Judge