UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-24023-SCOLA/GOODMAN

MARIA EUGENIA BLANCO,

      Plaintiff,

v.

ANAND ADRIAN SAMUEL and LINDSEY
ADAMS FINCH

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS
ON DEFENDANTS' OPPOSED MOTION TO TAX COSTS**

In this Fair Labor Standards Act lawsuit, Plaintiff Maria Eugenia Blanco

("Blanco") sought to recover from Defendants Anand Adrian Samuel and Lindsey

Adams Finch (collectively, "Defendants") alleged unpaid overtime wages earned while

she worked as a nanny in Defendants' home. The District Court denied Plaintiff's

motion for summary judgment [ECF No. 82] and later entered summary judgment in

favor of Defendants. [ECF No. 95]. Thus, Defendants are the prevailing parties in the

lawsuit.

Defendants filed a motion to tax costs [ECF No. 103], seeking to recover $8,523.74

pursuant to 28 U.S.C. § 1920. Specifically, Defendants seek to recover the cost of the

removal filing fee, service of subpoenas, transcript fees, exemplification costs, and

interpreter fees. Plaintiff filed a response in opposition to Defendants' motion [ECF No. 113], challenging all or part of the costs sought in each category, except for the filing fee. In their reply [ECF No. 114], Defendants provide additional support for the costs incurred and request that the full $8,523.74 be awarded.

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 106]. Accordingly, the Undersigned now issues this Report and Recommendations on Defendants' motion to tax costs.

Having reviewed the motion [ECF No. 103], the response in opposition [ECF No. 113], and the reply [ECF No. 114], the Undersigned respectfully recommends that the motion be **granted in part** and **denied in part**. For the reasons stated below, the Undersigned **recommends** that the District Court award **$6,741.58** in taxable costs ($1,782.16 less than the $8,523.74 requested).

## I.   Legal Standard

Costs should be awarded to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Section 1920 enumerates the specific costs that may be awarded to a prevailing party:

1) Fees of the clerk and marshal;

2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3)  Fees and disbursements for printing and witnesses;

4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5)  Docket fees under section 1923 of this title;

6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Moreover, the prevailing party must adhere to the requirements outlined in Local Rule 7.3(c), which directs the moving party to file a bill of costs pursuant to 28 U.S.C. § 1920 and to confer with the affected party (or parties) in a good faith effort to resolve the costs sought.

Rule 54(d)(1) creates a presumption that costs will be awarded to the prevailing party but allows the court to exercise its discretion when awarding said costs. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Additionally, the Court may award only costs that are authorized under the statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). When challenging costs, the losing party bears the burden of demonstrating a cost is not taxable, unless the knowledge of the proposed cost is exclusively known by the prevailing party. *Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *2 (S.D. Fla. Aug. 3, 2021), report and recommendation adopted, No. 19-22762-CIV, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021).

## II.     Analysis

Defendants are the prevailing parties in this case because the Court entered summary judgment in their favor. [ECF No. 95]. Therefore, they are entitled to an award of the costs recoverable under 28 U.S.C. § 1920.

Defendants seek to recover the costs associated with the following: (1) a $402.00 filing fee; (2) $126.00 for service of subpoenas; (3) $6,176.54 for deposition and hearing transcripts; (4) $1,200.00 in interpreter fees; and (5) $619.20 in exemplification costs.

### A.     Defendants' Initial Non-Compliance with the Local Rules

Plaintiff argues that Defendants' motion to tax costs should be denied in its entirety for failure to confer in connection with a now-withdrawn bill of costs [ECF Nos. 100–01] and other earlier-filed motions. [ECF No. 113, p. 1]. Specifically, "[Blanco] requests that the Court deny [the instant motion] as a consequence for [Defendants] violating [ECF No.] 61 and Local Rule 7.1, and for having further violated the same [O]rder and Rule in [ECF No.] 70 as described in [ECF No.] 71." *Id.* at 2.

Defendants acknowledge in their reply that they failed to confer with Plaintiff before filing their *original* bill of costs [ECF No. 99]. However, they note that once they learned of this error, they withdrew their original bill of costs [ECF No. 101] and conferred with Plaintiff before filing the instant costs motion. [ECF No. 114, p. 2].

In an earlier Order, Judge Scola chastised *both* parties for failing to comply with their conferral obligations and warned them that their continued non-compliance would result in sanctions:

> Remarkably, despite a recent admonishment to opposing counsel, Plaintiff's counsel filed the motion without a certificate of conferral, in violation of Local Rule 7.1(a)(3), or without otherwise explaining why conferral was not necessary. Going forward, any further violations of this rule, by either party, will result in sanctions. Further, unless a motion is readily agreed to via email, the Court requires **all further conferrals to take place orally—either in person; via teleconference; or via videoconference**. The certificate for each motion must specify the method of the parties' conferral.

[ECF No. 61, p. 1 (emphasis in original)].

"District courts have considerable discretion in applying the Local Rules[.]" *Hum. Rts. Def. Ctr. v. Dixon*, No. 21-81391-CV, 2022 WL 4243921, at *3 (S.D. Fla. Aug. 24, 2022). A party's initial non-compliance does not necessarily warrant a denial of a cost award, especially when the non-compliance was cured. *See, e.g., Felix v. Key Largo Mgmt. Corp.*, No. 19-10067-CIV, 2021 WL 3275899, at *2 (S.D. Fla. July 14, 2021), report and recommendation adopted, No. 19-10067-CIV, 2021 WL 3270327 (S.D. Fla. July 30, 2021) (awarding costs to the prevailing party despite initial non-compliance with Local Rules 7.1 and 7.3 because movant "did comply with the Local Rules prior to filing the [a]mended [m]otion to [t]ax [c]osts" and the opposing side had not shown any prejudice by the non-compliance with the conferral requirement).

Similarly here, Defendants remedied their non-compliance by withdrawing their initial bill of costs [ECF Nos. 99; 101] and conferring with Plaintiff before filing the instant motion. Moreover, Plaintiff has not shown any prejudice stemming from the initial non-compliance. Accordingly, the Undersigned **respectfully recommends** that the District Court **excuse** Defendants' initial non-compliance with the Local Rules and address the substance of Defendants' costs motion.

### B.    Costs Sought

#### 1.    Filing Fee

Defendants seek to recover $402.00 for the cost of removing this case from state court. [ECF No. 103, p. 3]. The prevailing party is entitled to recover removal filing fees because the fee has been "'explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. § 1920(1).'" *Covington v. Ariz. Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *3 (S.D. Fla. Jan. 25, 2011) (quoting *Chism v. New Holland N. Am., Inc.*, 2010 WL 1961179, *3 (E.D. Ark. 2010)). Additionally, Plaintiff raises no objection to this cost. As such, the Undersigned recommends that Defendants be awarded $402.00 for the filing fee incurred in removing this case to federal court.

#### 2.    Service Fees

Defendants seek to recover $126.00 for service of process fees incurred in serving two subpoenas. [ECF No. 103, p. 3]. Plaintiff challenges the cost of the subpoenas issued to her tax preparer and her bank on the grounds that they were not needed for the case.

Plaintiff states Defendants have not attempted to explain why these charges were necessarily incurred.

But Plaintiff mistakenly places the burden on Defendants. When challenging a cost, the **losing** party bears the burden of demonstrating the cost is not taxable, unless the knowledge is exclusive to the prevailing party. *Rolle-Collie v. Dep't of Transp.*, No. 17-23486-CIV, 2019 WL 13215992, at *1 (S.D. Fla. July 12, 2019), report and recommendation adopted, No. 17-23486-CIV, 2019 WL 13215990 (S.D. Fla. Sept. 16, 2019). Moreover, Defendants *do* explain in their motion (when addressing deposition transcripts) why they believed the tax and bank records were relevant to the case:

> The bank records were obtained for use in the case. Central to this case was whether Ms. Blanco slept at [ ] Defendants' residence, in which case she would be exempt from the FLSA's overtime provisions. **Plaintiff's tax returns indicated that she had income from a source other than her employment as the nanny for Defendants' children** (although she denied that in her deposition). Plaintiff claimed that she worked at the Defendants' residence 79 hours each week. **If Plaintiff had another job in addition to her employment at Defendants' residence, then a jury would more likely believe that she slept at [ ] Defendants' residence.**

[ECF No. 103, p. 9 (emphasis added)].

Service of process fees paid to private servers are taxable so long as they do not exceed the service fees charged by the U.S. Marshal. *E.E.O.C.*, 213 F.3d at 623. Currently, the U.S. Marshal's rate is $65.00 per hour, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Here, Defendants seek to recover $63.00 per subpoena, less than

the statutory amount. Therefore, the Undersigned recommends Defendants be awarded the full amount ($126.00) for service fee costs.

### 3. Transcript Fees

The costs of deposition and hearing transcripts are recoverable under § 1920, as long as they are wholly or partially "necessarily obtained for use in the case." *E.E.O.C.*, 213 F.3d at 620-21. If the deponent was named in the losing party's witness list, the costs of their deposition transcripts are generally recoverable. *Id.* at 621 ("We have upheld the taxation of a deposition where the losing party listed the deponent on its witness list."). Additionally, court reporter attendance fees are recoverable because they are "strictly necessary" for the deposition to take place. *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, *4 (S.D. Fla. Feb. 9, 2012), report and recommendation adopted, No. 10-21031-CIV, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012). However, deposition costs incurred merely for the convenience of counsel are not recoverable. *Id.*

### a. *Deposition of Steve Gelman*

Defendants seek to recover $428.15 in costs for the deposition of Steve Gelman, the corporate representative of NannyChex, Inc. [ECF Nos. 103, p. 5; 103-1, p. 8]. This amount consists of the two-day expedited certified transcript ($384.75), the costs of

obtaining the "electronic PDF, Mini, ASCII & E-TRAN"[1] ($35.00), and a two percent credit card processing fee ($8.40). [ECF No. 103-1, p. 8].

Plaintiff challenges the taxation of Gelman's deposition on the ground that the transcript was not used by Defendants for any purpose. In order to be taxable under § 1920, deposition transcripts must be "necessarily obtained for use in the case," and obtaining the deposition transcript of a deponent listed as a witness for the losing party satisfies this requirement. *E.E.O.C.*, 213 F.3d at 621 ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery[.]" (citation and internal quotation marks omitted)). Here, Plaintiff included the corporate representative of NannyChex, Inc. on her witness list [ECF No. 79-3, p. 2], suggesting that she intended to call Gelman as a witness at trial.

Plaintiff also challenges the expedited transcript costs, the credit card processing fee, and the multiple format fee, stating they are not recoverable under § 1920. [ECF No. 113, p. 2]. The Undersigned agrees. Expedited deposition transcripts are not generally recoverable unless the prevailing party explains *why* the expedited transcripts were necessary. *Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV, 2014 WL

---

[1]     In her response, Plaintiff refers to these fees as "multiple format fee[s]." [ECF No. 113, p. 2].

12631667, at *3 (S.D. Fla. July 29, 2014); *see also Barrera v. Weiss & Wollrich So.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (finding expedited transcript costs were not recoverable because the transcripts were not requested within the 30 days before the trial date); *Santiago v. Honeywell Int'l, Inc.*, No. 16-CV-25359, 2022 WL 1137833, at *4 (S.D. Fla. Mar. 25, 2022), report and recommendation adopted, No. 16-CV-25359, 2022 WL 1135705 (S.D. Fla. Apr. 18, 2022) (holding expedited costs directly incurred as a result of the moving party's delay were not recoverable).

Additionally, miscellaneous charges incurred in connection with a deposition are not ordinarily recoverable because these charges are usually incurred for the convenience of counsel and are not "necessary." *Sloan v. Miami-Dade Cnty.*, No. 1:18-CV-21517, 2020 WL 5902486, at *3 (S.D. Fla. Jan. 24, 2020) report and recommendation adopted, No. 18-21517-CIV, 2020 WL 1139045 (S.D. Fla. Mar. 9, 2020) (finding "litigation support packet" and processing fees were not recoverable); *see also Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) ("In instances where both the transcript and additional copies or forms (including, but not necessarily limited to, condensed transcripts and digital copies of transcripts such as ASC II disks) were obtained, [the prevailing party] should recover only the costs of a single copy of the deposition transcript.").

Defendants state, generally, that "[t]his matter was placed on an expedited schedule, with 4½ months between the Court's entry of a scheduling order and the

dispositive motions deadline. Therefore, expedited processing of transcripts was necessary and such costs are properly taxable." [ECF No. 103, p. 7]. The Undersigned finds that this general, one-size-fits-all explanation is insufficient to meet Defendant's burden of showing that the expedited costs were necessarily incurred.

For example, according to the invoice attached to Defendants' motion, Gelman's deposition took place on March 10, 2022. The deadline to file dispositive motions was April 29, 2022. [ECF No. 12]. Defendants do not explain why they requested a two-day expedited transcript when there were approximately 50 days between the date of Gelman's deposition and the dispositive motions deadline.

Because Defendants have not provided a more-tailored explanation for *any* of the expedited deposition transcripts, the Undersigned recommends that the District Court **disallow** expedited fees for the deposition transcripts in this case. [The Undersigned will address separately the expedited fee for obtaining the hearing transcript below.].

One of the exhibits attached to Defendant's motion is a fee schedule for Jeanie Reporting, the company which provided court reporting services for Gelman's deposition. [ECF No. 103-2]. According to the fee schedule, the non-expedited transcription rate is $4.50 per page. *Id.* Therefore, Defendants should be permitted to recover $202.50 (45 pages at $4.50 per page) in costs for obtaining Gelman's deposition transcript.

The remaining items on the invoice -- a $35.00 multiple format fee and a $8.40 credit card processing fee -- were clearly incurred for the convenience of counsel and are not taxable under § 1920. Accordingly, the Undersigned recommends that Defendants be awarded $202.50 for Gelman's deposition transcript ($225.65 less than the amount requested).

### b.    Depositions of Anand Samuel and Lindsey Finch

Defendants seek to recover $1,045.96 for the deposition transcript of Anand Samuel and $1,003.73 for the deposition transcript of Lindsey Finch. [ECF No. 103-1, pp. 9-12]. The invoice for Samuel's deposition consists of the transcript ($940.50—209 pages at the non-expedited rate of $4.50 per page), a charge for "Videoconference Participation Fee w/ Support" ($25.00) and for "Electronic PDF, ASCD & E-TRAN W/ Electronically Marked Exhibits" ($50.00). [ECF No. 103-1, p. 10]. Additionally, in a separate document, Defendants were charged a handling fee ($30.46). *Id.* at 9. The invoice for Finch's deposition consists of the transcript ($899.50—257 pages at the non-expedited rate of $3.50 per page), a charge for "Videoconference Participation Fee w/ Support" ($25.00) and for "Electronic PDF, ASCD & E-TRAN W/ Electronically Marked Exhibits" ($50.00). *Id.* at 12. There is also a handling fee ($29.23) charged in a separate invoice. *Id.* at 11.

Plaintiff challenges the videoconference fees, the handling fee, and the multiple format fees, stating they are not recoverable under § 1920. Plaintiff does not object to the

taxation of the transcripts themselves or to Samuel's handling fee. The Undersigned will nonetheless determine whether these costs are recoverable under § 1920. *See Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits.").

Given that Samuel and Finch are defendants to this action, the Undersigned has no difficulty determining that their deposition transcripts were necessarily obtained for use in this case and therefore recoverable. Moreover, the non-expedited, per-page rates charged for these depositions ($4.50 per page for Samuel and $3.50 per page for Finch) are reasonable. *See Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022), report and recommendation adopted, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022) (finding deposition transcript rate of $4.50 per page to be reasonable).

Defendants are also entitled to recover the "Videoconference Participation Fee w/ Support." Generally, court reporter attendance fees are recoverable because they are "strictly necessary" for the deposition to take place. *Rodriguez*, 2012 WL 664275, at *4.

Here, Defendants explain that the videoconference participation fee was charged for the attendance of the court reporter and their services during the deposition. Moreover, Defendants note that "[d]uring the COVID pandemic, most depositions were taken by Zoom videoconference or similar remote videoconference platform" and that "[t]here were no objections to depositions being taken in this manner." [ECF No. 103, p. 5]. Because Defendants have provided a reasonable explanation for why they incurred this cost (as a precaution (or a necessity) due to the COVID-19 pandemic) and because Plaintiff did not object to this format at the time, the Undersigned finds that this fee is "strictly necessary" to conduct the remote depositions and therefore recoverable.

The remaining deposition costs, however, appear to have been incurred merely for the convenience of counsel and should not be taxed under § 1920. Defendants state that "[c]ourt reporters charge . . . fees for electronic marking of exhibits (marking of exhibits manually cannot be done remotely, or by the opposing counsel)" and "both parties [were charged] for this fee regardless of which party admitted the deposition exhibits." [ECF No. 103, p. 6].

The Undersigned is not persuaded that exhibit fees are taxable under § 1920.[2] But, in any event, the exhibit costs Defendants seek to recover are lumped together with

---

[2]    *See Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), report and recommendation adopted, No. 20-CV-22783, 2023 WL 315793 (S.D. Fla. Jan. 19, 2023) ("Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, **exhibit costs**, or condensed transcripts, are

other convenience costs, [ECF Nos. 103-1, p. 10 (charging $50.00 for "Electronic PDF, ASCII & E-TRAN W/ Electronically Marked Exhibits); p. 12 (same)]). Because there is no practical way to segregate the exhibits from the remaining convenience costs, the Undersigned recommends that the cost of marking exhibits (even *if* they are taxable under § 1920) should not be awarded.

The remaining fees (the convenience costs) and the handling fees are costs incurred for the benefit of counsel and not recoverable under § 1920. *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (denying costs for CDs, DVDs, and shipping and handling fees incurred solely for counsel's convenience).

In sum, the Undersigned recommends that Defendants be awarded the cost of obtaining the Samuel and Finch deposition transcripts and the videoconference fees and that the remaining costs (Electronic PDF, ASCII & E-TRAN, Electronically Marked Exhibits, and the handling fees) be disallowed as not taxable under § 1920. Defendants should be awarded $965.50 ($80.46 less than the amount requested) for costs associated with obtaining Samuel's deposition transcript and $924.50 ($79.23 less than the amount requested) for obtaining Finch's deposition transcript.

---

not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." (emphasis added)).

### c.      Deposition of Maria Blanco

Defendants seek to recover $1,598.75 for the deposition transcript of Blanco. [ECF No. 103, p. 25]. This amount includes the transcript ($1,034.50), a professional attendance fee ($522.50), a delivery and handling fee ($28.00), and exhibit fees ($13.75). [ECF No. 103-1, p. 14]. Plaintiff challenges the professional attendance fee of $522.50 as excessive but does not object to the taxation of the transcript itself.

Given that Blanco is the plaintiff in the case, her deposition transcript was necessarily obtained for use in this case and is therefore recoverable. *See Harrell*, 2022 WL 1609090, at *3 (finding the necessity of taking plaintiff's deposition to be "readily apparent"). The court reporter attendance fees are recoverable as taxable costs because they are "strictly necessary" for the deposition to take place. *Rodriguez,* 2012 WL 664275, at *4.

Plaintiff's argument that the $522.50 attendance fee is excessive is unpersuasive. Court reporter attendance fees often vary per deposition and courts have awarded higher attendance fees. *See, e.g., Jiminez v. E-Z Weld Grp.*, Inc., No. 20-CV-80205, 2021 WL 6137079, at *3 (S.D. Fla. Dec. 10, 2021), report and recommendation adopted, No. 20-80205-CIV, 2021 WL 6134469 (S.D. Fla. Dec. 29, 2021) (awarding $579.50 for the professional attendance fee for the plaintiff's deposition); *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-CV-747-FTM-36, 2011 WL 7092657, at *4 (M.D. Fla. Dec. 30, 2011), report and recommendation adopted sub nom. *Hernandez v. Wilsonart Intern, Inc.*, No. 2:09-CV-

16

747-FTM-36, 2012 WL 220265 (M.D. Fla. Jan. 25, 2012) (awarding $625.00 for the court reporter attendance fee for the plaintiff's deposition). Additionally, given the duration of Plaintiff's deposition (approximately seven hours), this amount is reasonable. The remaining fees (exhibit fees, delivery and handling fees) are not recoverable because they were incurred solely for counsel's convenience. *Spatz*, 2012 WL 1587663, at *6.

Accordingly, the Undersigned recommends that Defendants be awarded the cost of obtaining Blanco's deposition transcript in its entirety and the professional attendance fee, without the exhibit or delivery and handing costs. The total cost to be awarded for Blanco's deposition is $1,557.00 ($41.75 less than the amount requested).

### d. *Deposition of Grace Trask*

Defendants seek to recover $895.15 for the deposition transcript of Grace Trask. [ECF No. 103-1, p. 15]. This amount includes the transcript ($817.60—146 pages at the five-day expedited per-page rate of $5.60), the videoconference participation fee ($25.00), an electronic PDF, Mini, ASCII & E-TRAN ($35.00), and a two percent credit card processing fee ($17.55). Plaintiff challenges the expedited cost, multiple format fee, and credit card processing fee, asserting that these costs are not recoverable pursuant to § 1920. Plaintiff does not object to the taxation of the transcript itself.

Grace Trask was included in Plaintiff's witness list. Thus, her deposition transcript was necessarily obtained and is therefore taxable. *See E.E.O.C.*, 213 F.3d at 620-21 (finding that deponent being listed in the losing party's witness list supported

the necessity of incurring the costs for obtaining the transcript). Nonetheless, not all of the costs associated with Trask's deposition are taxable.

Defendants have provided no additional information, aside from their general, blanket statement about the case's "expedited schedule," which would provide a basis for awarding expedited transcription costs. *Biscayne Towing*, 2014 WL 12631667, at *4 (noting that the prevailing party must explain why the expedited fees were necessary to be recoverable as costs). Accordingly, the costs of the transcript should be reduced to $657.00 (146 pages at the regular rate of $4.50 per page). *See* Jeannie Reporting Fee Schedule [ECF No. 103-2]. The videoconference participation fee ($25.00) is also recoverable for the reasons stated above. The remaining costs reflected in the invoice ($35.00 for various formats of the transcript and the $17.55 credit card processing fee) are not taxable costs. *Id.*

The Undersigned recommends that Defendants be awarded $682.00 in costs for obtaining Trask's deposition transcript ($213.15 less than the amount requested).

### e. Depositions of Adrienne Gomez, Sandra Rub, and Isabelle Toribio

Defendants seek to recover $754.80 for the deposition transcript of Adrienne Gomez, Sandra Rub, and Isabelle Toribio. [ECF No. 103-1, p. 16]. This amount consists of the transcripts for Gomez ($336.00), Rub ($49.00), and Toribio ($280.00), a videoconference participation fee ($25.00), fees for obtaining the electronic PDF, Mini, ASCII & E-TRAN ($50.00), and a two percent credit card processing fee ($14.80). *Id.*

18

Plaintiff challenges the multiple format fee, the videoconference fee, and the credit card processing fee as not recoverable under § 1920. Plaintiff does not object to the taxation of the transcripts themselves.

These deponents were included in Plaintiff's witness list, which supports the conclusion that these deposition transcript costs were necessarily incurred. *See E.E.O.C.*, 213 F.3d at 620-21. The videoconference fee is recoverable for the reasons already stated in this Report and Recommendations. The remaining costs -- the multiple format fee and the credit card processing fee -- are not recoverable under § 1920. *Id.*

The Undersigned recommends Defendants be awarded the costs of all three transcripts in their entirety $665.00 ($336.00 for Gomez, $49.00 for Rub, and $280.00 for Toribio) plus $25.00 for the videoconference fee. The remaining costs are non-taxable and should not be awarded. In sum, Defendants should be awarded $690.00 ($64.80 less than the amount requested) for these three depositions.

### f.      *August 23, 2022 Hearing*

Defendants seek to recover $450.00 for the August 23, 2022, hearing transcript of the oral argument set by the District Court on potential dispositive issues. [ECF Nos. 86; 92; 103-1, p. 17]. The hearing transcript is 54 pages [ECF No. 92] and Defendant paid $450.00 for it. Therefore, it appears that the expedited rate charged for the transcript was $8.33 (rounded down). Defendants have included with their motion the Transcript Rate Schedule for the Court. [ECF No. 103-3]. This $8.33 per-page rate does not appear

on the fee schedule. In any event, Defendants have not shown entitlement to this expedited rate.

Prevailing parties are permitted to recover the costs for hearing transcripts under § 1920. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014). In order to be taxable, a hearing transcript must have been necessarily obtained for use in the case. *Santiago*, 2022 WL 1137833, at *6 (finding hearing transcript was necessarily obtained because portion of the hearing was used by the movant in a written response in opposition to a motion). Here, Defendants explain that the hearing transcript was obtained before the trial date was rescheduled, so trial was still a possibility. [ECF No. 114, pp. 5-6]. This statement is supported by the transcript of the hearing during which the Court referred to the possibility of a future trial date [ECF No. 92, pp. 3, 44] and the docket entry on the day of the hearing [ECF No. 86 ("Jury trial is continued with date to be set by separate order.")]. Therefore, the hearing transcript was necessarily obtained for use in the case (i.e., in preparation for the anticipated new trial date) at the time it was requested.

Nonetheless, the Court should not award the cost of the hearing transcript at the expedited three-day rate because Defendants provide no explanation why it was necessary to expedite the transcript. *See Gould v. Carnival Corp.*, No. 19-CV-20289, 2022 WL 742737, at *7 (S.D. Fla. Mar. 10, 2022) (stating that the prevailing party must demonstrate why the expedited rate was necessary). The trial date was not set yet, so

Defendants had time to request the hearing transcript on a non-expedited basis. Thus, the cost of the hearing transcript should be reduced to the "ordinary" transcription rate. *Embroidme.com, Inc.*, 2014 WL 5325211, at *4 (reducing the hearing transcript award to the ordinary transcription rate for an expedited transcript). According to the Transcript Rate Schedule for the Court [ECF No. 103-3], the ordinary transcript rate is $4.02 per page.

The Undersigned respectfully recommends Defendants be awarded $217.08 (54 pages at the ordinary rate of $4.02 per page). This amount is $232.92 less than the amount requested.

### 4.  Exemplification Costs

#### a.  *Cancelation Fee*

Defendants seek to recover $204.00 for the deposition "appearance fee" of the Bank of America Corporate Representative. [ECF No. 103, pp. 20-22]. This amount consists of a late cancelation fee ($125.00), a videoconference fee ($75.00), and a credit card processing fee ($4.00). Plaintiff challenges the entire amount sought as not recoverable under §1920. The Court agrees with Plaintiff.

Defendants argue that the charge is an appearance fee for the court reporter to conduct the deposition. Yet, every other one of Defendants' deposition invoices, the majority being with the same court reporting company, show no court reporter appearance fee in them (they show a "videoconference participation fee w/ support").

The invoice for the Bank of America corporate representative's deposition also includes a $75.00 "videoconference participation fee w/ support" but this is in addition to the $125.00 "appearance fee". [ECF No. 103-1, p. 20].

Additionally, the "appearance fee" charge specifically has a line stating "late cancelation @ 11:45 a.m.," which leads the Undersigned to believe that this charge is in fact a cancelation fee.

Cancelation fees are not recoverable under § 1920. *See Sarabeth Witbart v. Mandara Spa Haw., LLC*, No. 18-CV-21768, 2022 WL 1241439, at *6 (S.D. Fla. Apr. 12, 2022), report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) ("Because cancelation fees are not recoverable under [s]ection 1920, Defendant may not recover any witness fess [sic] for Dr. Young."); *see also Henry v. Celebrity Cruises, Inc.*, No. 21-20148-CIV, 2022 WL 17994276, at *8 (S.D. Fla. Nov. 21, 2022), report and recommendation adopted, No. 21-20148-CV, 2022 WL 17986794 (S.D. Fla. Dec. 28, 2022) (excluding cancelation fees from the costs award); *George v. Chipotle Mexican Grill Serv. Co.*, No. 6:12-CV-845-ORL, 2014 WL 5426519, at *4 (M.D. Fla. Oct. 24, 2014) ("The record reflects that both parties noticed Ms. Reyes' deposition, and that neither party was responsible for Ms. Reyes' failure to appear for her first scheduled deposition. . . . In light of the foregoing, the undersigned finds that [the] [d]efendants are not entitled to recover the cancelation fee.").

The Undersigned recommends that Defendants not be awarded the costs associated with the cancelled deposition of the Bank of America Corporate Representative.

### b.      Copying Fee

Defendants seek to recover $92.00 for the copying of Plaintiff's bank records. [ECF No. 103, pp. 29-30]. Plaintiff challenges these costs on the basis that these records were not filed in this case.

Copying costs may be recovered if the copies were necessarily obtained for use in the case. *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2021 WL 495033, at *2 (S.D. Fla. Feb. 2, 2021), report and recommendation adopted, No. 16-24918-CIV, 2021 WL 493397 (S.D. Fla. Feb. 10, 2021). However, these copying costs may not be incurred *solely* for the convenience of the party. *Id.* Therefore, the prevailing party must show the copies were obtained for a reimbursable use. *Id.* at *3.

Here, Defendants explained that they obtained the bank records to prove Plaintiff had an additional income source and therefore could not have been spending so much time at Defendants' residence. Because these records relate to a central issue in this case -- the amount of time Plaintiff spent at Defendants' residence -- the Undersigned finds that the copies were necessarily obtained for use in the case.

Nonetheless, the Undersigned recommends that the District Court deny this cost request. Defendants seek to recover $92.00 but do not disclose the number of pages

obtained for the amount paid. [ECF No. 103-1, p. 19]. Based on this limited information, the Undersigned is unable to determine whether the amount sought is reasonable. *See Collazo v. Progressive Select Ins. Co.*, No. 20-CV-25302, 2022 WL 18144067, at *11 (S.D. Fla. Dec. 19, 2022), report and recommendation adopted sub nom. *Collazo v. Progressive Select Ins. Co.*, No. 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023) (Scola, J.) ("[T]he lack of *relevant* information -- i.e., the nature of the copy, how many pages were copied, whether there were multiple copies made of the same document, whether the copy was actually used or likely to be used at trial -- renders the [Court] wholly unable to determine (1) if the copy was necessarily made and (2) if the cost of the copy was reasonable." (emphasis in original)); *Berman v. Target Co.*, No. 15-CV-62387, 2017 WL 1337615, at *6 (S.D. Fla. Mar. 8, 2017), report and recommendation adopted sub nom. *Berman v. Target*, No. 15-62387-CR, 2017 WL 1337616 (S.D. Fla. Apr. 3, 2017) (denying costs sought for obtaining plaintiff's medical and employment records because "the Court [could not] determine the total number of pages copied or the cost per page").

The Undersigned recommends that Defendants' request for $92.00 in copying costs be denied in its entirety.

### c.     Translation Fee

Defendants seek to recover $323.20 for the translation of Adrianna Gomez's declaration in opposition to Plaintiff's motion for summary judgment. [ECF No. 103-1,

pp. 24-26]. Plaintiff challenges this cost on the grounds that Gomez's deposition transcript was already claimed as a cost in the case.

Document translation is not a recoverable cost as "compensation of interpreters" under § 1920(6). *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 575 (2012) (determining the term "interpreter" is someone who translates orally from one language to another and therefore does not include the translation of documents); *see also Netuno USA, Inc. v. Thoreux*, No. 20-62240-CIV, 2021 WL 9565806, at *2 (S.D. Fla. June 7, 2021) (denying cost of translating court documents as non-taxable under § 1920). Accordingly, the Undersigned finds the cost of Gomez's declaration translation is not a recoverable cost under § 1920.

The Undersigned recommends Defendants' request for costs associated with the translation of Gomez's declaration be denied.

### 5. Interpreter Fees

Defendants seek to recover $1,200.00 in interpreter fees for Plaintiff's deposition. [ECF No. 103, p. 41]. This amount consists of the Spanish interpreter fee ($975.00) and a fee for transcript services ($225.00). Plaintiff objects to the transcript services fee as nonrecoverable under §1920.

Section 1920(6) allows for the recovery of costs for "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. §1920(6). The

interpreter fee is therefore recoverable. *See Crespo Rivero v. Carolina Godoy*, No. 18-23087-CIV, 2019 WL 1178472, at *5 (S.D. Fla. Feb. 26, 2019), report and recommendation adopted sub nom. *Crespo Rivero v. Godoy*, No. 18-23087-CIV, 2019 WL 2245416 (S.D. Fla. Apr. 11, 2019) (awarding costs for interpreter fees under § 1920(6)).

However, this invoice also includes a separate charge for "transcript services" ($225.00), [ECF No. 103-1, p. 30], which Plaintiff correctly challenges as nonrecoverable under § 1920. Although Plaintiff challenged the "transcript services" cost in her response, [ECF No. 113, p. 3], Defendants failed to explain what this additional cost is and why it was necessary. Instead, Defendants argued that the $1,200.00 fee (as a whole) was recoverable as an interpreter fee. [ECF No. 114, p. 5].

Without an explanation of what this cost is or its necessity, the Undersigned cannot conclude that this cost is recoverable under § 1920. *Alfaro*, 2021 WL 5920830, at *2 (holding the costs of an additional deposition transcript was not recoverable when defendants failed to explain why it was necessary).

Accordingly, the Undersigned recommends that Defendants be awarded $975.00 ($225.00 less than the amount requested) for interpreter fees.

## III.    Conclusion

For the reasons stated above, the Undersigned respectfully recommends the District Court **grant in part and deny in part** Defendants' motion for costs and award them $6,741.58 in taxable costs ($402.00 for the filing fee, $126.00 for service fee costs,

$5,021.50 for deposition transcripts, $217.08 for the hearing transcript, and $975.00 for interpreter fees).

## IV.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on April 14, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Robert N. Scola, Jr.
All counsel of record