United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Eugenia Blanco, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-24023-Civ-Scola |
| ) | |
| Anand Adrian Samuel and Lindsey ) | |
| Adams Finch, Defendants. ) | |

**Order Adopting Magistrate Judge's Report and Recommendations**

  This matter was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations on Defendants Anand Adrian Samuel and Lindsey Adams Finch's motion to tax costs (Defs.' Mot., ECF No. 103). Judge Goodman issued a report, recommending that the Court grant in part and deny in part the Defendants' motion and award them $6,741.58 in costs. (Rep. & Recs., ECF No. 116.) Plaintiff Maria Eugenia Blanco did not explicitly object to the report and recommendations but instead filed what she titled a "Renewed Motion to Stay/Defer Entry of Cost Judgment Pending Appeal Mandate in Light of Amicus Cur[i]ae Appellate Brief Filed by the Department of Labor 'DOL' in Support of Reversal." (Pl.'s Mot. to Stay, ECF No. 117.) That motion has been fully briefed (Defs.' Resp., ECF No. 120; Pl.'s Reply, ECF No. 121) and is ripe for review. For the reasons set forth below, the Court **denies** Blanco's motion to stay (**ECF No. 117**) and, after a de novo review, **adopts** Judge Goodman's report and recommendations (**ECF No. 116**).

  This is not Blanco's first stab at seeking a stay of the Court's consideration of the Defendants' motion to tax costs. Previously, in December 2022, Judge Goodman denied Blanco's request to stay, finding she had failed to show that the four factors courts consider in determining the propriety of a deferral tipped in her favor. (Order Denying Deferral, ECF No. 112.) Blanco did not appeal or otherwise voice objection to that order until five months later, through the instant motion. In support of her "renewed" request for a stay, Blanco points to the following: (1) a February 1, 2023, amicus brief filed by the Department of Labor, in Blanco's appeal of the Court's decision, before the Eleventh Circuit; (2) the completion of the parties' briefing in the appellate case; and (3) Blanco's inability to pay the cost judgment. (Pl.'s Mot. to Stay at 1–3.) In opposition to the deferral, the Defendants complain (1) Blanco's motion, to the extent she seeks reversal of Judge Goodman's order denying her first motion for deferral, is untimely; (2) Blanco fails to show that Judge Goodman's order was clearly erroneous; and (3) Blanco has failed to show a substantial likelihood of success

on the merits of her appeal. (Defs.' Resp. 3–9.) After review, the Court finds Blanco's position wanting and agrees with the Defendants.

*First*, to the extent Blanco's motion is an appeal of Judge Goodman's December 1, 2022, order denying her first motion seeking deferral, it is untimely. *See Khoury v. Miami-Dade Cnty.*, 20-21841-CIV-JEM, 2021 WL 319763, at *1 (S.D. Fla. Jan. 29, 2021) (Martinez, J.) ("Under Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Local Magistrate Judge Rule 4(a)(1), any party may appeal an order of a Magistrate Judge **within 14 days** after being served with a copy of the order.") (emphasis added).

*Second*, to the extent Blanco seeks reconsideration of Judge Goodman's order, the Court still finds it untimely. Rule 60(c)(1) permits the Court to reconsider its orders based on a motion submitted "within a reasonable time," which extends for at least a year in certain circumstances. Fed. R. Civ. P. 60(c)(1). The new information upon which Blanco's motion is based is the Department's amicus brief. But that brief was filed on February 1, 2023, nearly three months before Blanco filed her motion. Blanco provides no explanation for the multi-month delay except to say that it was "reasonable" for her to wait until Judge Goodman entered his report and recommendation on the costs request "as it was unknown whether *any* costs would be recommended by Magistrate Judge Goodman." (Pl.'s Reply at 2 (emphasis in original).) The Court finds this unconvincing—if Blanco believed the filing of the amicus brief warranted deferral of the entry of the costs judgment, she should have made a timely request in that regard *before* the Court expended its time and resources on evaluating the costs motion and its associated briefing.

*Third*, even if the Court were to consider Blanco's motion on its merits, her presentation is lacking. Without meaningful analysis, Blanco summarily maintains that the Department has now, through its amicus brief, "made clear" "that the 2013 Final Rule was not intended to exempt shift workers from overtime pay and that the summary judgment [*sic*] was erroneously decided." (Pl.'s Mot. at 1.) In doing so, Blanco cites to the entirety of the Department's amicus brief, without any pin-cite references, and insists, without elaboration, that the brief's mere filing establishes a substantial likelihood of a reversal of the Court's decision. (*Id.* at 2.) While the Court agrees with Blanco that the Department's amicus brief certainly weighs in Blanco's favor, Blanco nonetheless fails to provide support for her contention that, simply because the Department says it did not intend for its interpretation to be construed in the way the Court understood it, the Eleventh Circuit will be compelled to adopt the Department's position. Indeed, should the Eleventh Circuit determine deference to the Department is unwarranted, the Department's filing of its brief would not materially change the Court's initial evaluation of Blanco's stay request.

*Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012) (finding deference unwarranted, for example, "when the agency's interpretation is plainly erroneous or inconsistent with the regulation"; or "when there is reason to suspect that the agency's interpretation does not reflect the agency's fair and considered judgment on the matter in question," such as "when the agency's interpretation conflicts with a prior interpretation" or "when it appears that the interpretation is nothing more than a convenient litigating position" or a "*post hoc* rationalization advanced by an agency seeking to defend past agency action against attack") (cleaned up). Further, much of the Department's brief (as well as Blanco's support for a stay) appears focused on the meaning of the word "reside" itself.[1] In contrast, the Court, in granting summary judgment in the Defendants' favor, directed its analysis towards the criteria the Department has previously identified as triggering when it will *consider* an employee to reside in a household for an extended period.

*Lastly*, the Plaintiff does present any specific objection she has to the substance of Judge Goodman's report and recommendations. Despite the lack of any objections, however, the Court has nonetheless considered Judge Goodman's report on a de novo basis and finds it cogent and compelling. Judge Goodman carefully evaluated the Defendants' costs briefing, finding Defendants certainly entitled to costs, as the prevailing party, but scrutinizing their request and reducing the costs awarded by $1782.16, based on items he found not taxable. Accordingly, the Court **adopts** Judge Goodman's report and recommendations (**ECF No. 116**) in its entirety, **denies** the Plaintiff's motion for a stay (**ECF No. 117**) and **grants in part and denies in part** the Defendants' motion to tax costs (**ECF No. 103**). Consistent with the report, the Court awards **$6,741.58** in taxable costs to the Defendants, to be paid by the Plaintiff.

**Done and ordered** at Miami, Florida on June 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Blanco has provided only a cursory synopsis of the Department's briefing—apparently expecting the Court to undertake its own in-depth analysis of the parties' briefing before the Eleventh Circuit. The Court declines the invitation to delve too deeply into this briefing in light of Blanco's own notably superficial recap of the Department's position.